**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

WESLEY E.P.,[1]
    Plaintiff,

        v.                              Civil Action No. 2:21cv585

COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

## MEMORANDUM OPINION

This is an action seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying the application of Wesley E.P. ("Plaintiff") for a period of disability and disability insurance benefits under the Social Security Act. On August 26, 2022, Magistrate Judge Robert J. Krask issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment recommending that the Court (1) deny Plaintiff's Motion for Summary Judgment; and (2) grant the Commissioner's Motion for Summary Judgment. ECF No. 19. Plaintiff timely filed an objection to the R&R, asserting one error related to the administrative law judge's ("ALJ") evaluation of the opinion evidence of Corinne Rathnam, P.A. ECF No. 20. For the reasons below, the Court will adopt the R&R and overrule Plaintiff's objection.

## I. BACKGROUND

On August 18, 2020, Plaintiff protectively filed a Title II application for disability and disability insurance benefits for a period beginning on May 16, 2019.[2] *See* R. 15, 181–83.

---

[1]    The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2]    At Plaintiff's administrative hearing, he amended his alleged date of onset from October 15, 2017, to May 16, 2019. Administrative Record ("R") at 15, ECF No. 10.

Plaintiff's claim was denied initially and on reconsideration. R. 71–80, 83–95. On June 29, 2021, an ALJ held a hearing on the claim where Plaintiff and a vocational expert testified. R. 37–69. Following the hearing, on July 20, 2021, the ALJ issued a decision finding Plaintiff not disabled and denying benefits. R. 15–32. The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision on August 27, 2021, R. 1–5, which rendered the ALJ's decision as the final decision of the Commissioner.

On October 25, 2021, Plaintiff filed suit in this Court, appealing the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Court referred the matter to a Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and the parties filed cross-motions for summary judgment. Upon review, the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment and grant the Commissioner's Motion for Summary Judgment. R&R at 34. On September 9, 2022, Plaintiff filed an objection to the R&R. Pl.'s Objs. Magistrate Judge's R&R ("Obj."), ECF No. 20. On September 23, 2022, the Commissioner responded to Plaintiff's objection. Def.'s Resp. Pl.'s Objs. R&R Magistrate Judge, ECF No. 21.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* any part of the Report and Recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part," the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

This Court will uphold an ALJ's Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020) (citing 42 U.S.C.

§ 405(g) and *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015)). "Substantial evidence is that which 'a reasonable mind might accept as adequate to support a conclusion.'" *Pearson*, 810 F.3d at 207 (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Substantial evidence thus requires "more than a mere scintilla of evidence but may be less than a preponderance" of the evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996)). Between these two evidentiary thresholds lies a "zone of choice" wherein the ALJ's decision can go either way without interference by the courts. *See Dunn v. Colvin*, 607 F. App'x 264, 266 (4th Cir. 2015) (quoting *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988)). "'In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment' for the ALJ's." *Arakas*, 983 F.3d at 95 (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

### III.   ANALYSIS

Plaintiff objects to the Court's adoption of the R&R on the basis that the ALJ failed to adequately explain his evaluation of PA Rathnam's medical opinion. Obj. at 2. Plaintiff argues the ALJ failed to comply with 20 C.F.R. § 404.1520c(b)(2), which requires the ALJ to articulate how he considered the "supportability" and "consistency" of each medical opinion when determining its persuasiveness. *Id.* Plaintiff argues that the ALJ's discussion of the supportability factor in earlier portions of the ALJ's opinion violated the ALJ's "duty to explain how she considered the medical opinions from the medical source in a single analysis." *Id.* at 3 (citing 20 C.F.R. § 404.1520c(b)(1)). Plaintiff also asserts that the ALJ failed to properly explain why PA Rathnam's opinions were not supported, and instead simply recited "some medical evidence" without "actually engag[ing] in any sort of analysis regarding the supportability factor." *Id.*

Plaintiff asserts that the Magistrate Judge also erred but argues only that the Magistrate Judge improperly evaluated the supportability factor. Obj. at 2–3. Specifically, Plaintiff faults the Magistrate Judge's conclusion that the ALJ adequately considered the supportability factor by discussing the factor in "earlier portions of the ALJ's decision," and thus "is implying that the ALJ did not properly consider the factor during the ALJ's actual evaluation of PA Rathnam's opinions." *Id.*

Plaintiff's argument—that both the ALJ and Magistrate Judge erred in evaluating the supportability of PA Rathnam's opinion—appears to be the only argument that requires *de novo* review. *See Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[A] mere restatement of the arguments raised in the summary judgment filings does not constitute an objection for the purposes of district court review.") (internal quotation marks and citation omitted). Plaintiff also requests that the Court review and consider the arguments set forth in Plaintiff's "Statement of Specific Errors," Obj. at 2, which this Court construes to mean the arguments set forth in Plaintiff's Motion for Summary Judgment and supporting memorandum and reply. However, the Court finds *de novo* review of the arguments in these filings unnecessary and reviews the R&R with respect to them only for clear error. *See Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019). Having reviewed the record, and finding no clear error with respect to the Magistrate Judge's findings, the Court will proceed to conduct a *de novo* review of Plaintiff's argument that the ALJ erred in considering and explaining the supportability of PA Rathnam's opinion.

## A.  Legal Standard

As explained by the Magistrate Judge in the R&R, the Social Security Administration recently revised its rules regarding the evaluation of evidence for claims filed on or after March

27, 2017. 82 Fed. Reg. 5,844, 5,853–55 (Jan. 18, 2017); *see also* 82 Fed. Reg. 15,132 (Mar. 27, 2017). Because Plaintiff filed his disability application in 2020, the new rules, specifically 20 C.F.R. § 404.1520c, govern how the ALJ is required to consider PA Rathnam's medical opinion. Under these rules, the ALJ must not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). Instead, the ALJ is required to consider a medical opinion's overall "persuasiveness." *Id.* In conducting this analysis, the "most important factors" are "supportability" and "consistency." *Id.* The ALJ must explain how he considered these factors in his analysis. *Id.* "Supportability" means the extent to which a medical source's opinion is supported by relevant "objective medical evidence" and the source's "supporting explanations." *Id.* § 404.1520c(c)(1). "Consistency" means the extent to which the opinion is consistent "with the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 404.1520c(c)(2). Additional factors include the medical source's relationship with the claimant, specialization, and other factors such as the source's familiarity with other medical evidence and the Social Security Administration's policies and requirements. *Id.* §§ 404.1520c(a), (c). The ALJ may, but is not required to, address how he considered these additional factors in his analysis. *Id.* § 404.1520c(b)(2).

The ALJ's analysis "must build an accurate and logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (explaining the "assessment must include a narrative discussion describing how the evidence supports each conclusion") (quoting Social Security Ruling 96–8p). Additionally, the ALJ must consider "all relevant medical evidence and cannot simply cherrypick facts that support a finding

of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)). However, the ALJ is not required to repeat relevant findings multiple times throughout the analysis. *See McCartney v. Apfel*, 28 F. App'x 277, 279 (4th Cir. 2002) ("[T]he ALJ need only review medical evidence once in his decision.").

### B. PA Rathnam's Opinion

PA Rathnam conducted a physical examination of Plaintiff on December 16, 2019. R. 438–63. Based on this physical examination, as well Plaintiff's diagnoses and medical history, she opined that three of Plaintiff's physical conditions impacted his ability to work: his right shoulder tendonitis,[3] his chronic thoracolumbar spine (back) condition,[4] and his chronic peripheral nerve condition.[5] R. 446, 457, 463. PA Rathnam indicated that while these conditions limited his ability to do physical work, he was capable of conducting sedentary work with certain limitations. *Id.* Specifically, she opined that Plaintiff would require "significant accommodation or positioning

---

[3]     PA Rathnam opined that his right shoulder tendonitis may "impact some physical work that requires lifting, pushing, or pulling objects greater than 15 lbs," but that "[i]t does not limit sedentary duties." R. 446.

[4]     PA Rathnam opined that his chronic thoracolumbar spine (back) condition "prevents physical work [and] impacts his ability to perform duties that require prolonged walking or standing for greater than 10 minutes and pushing, pulling, or lifting objects greater than 15 lbs. from the knee to waist and waist to shoulder level." R. 457. PA Rathnam concluded that Plaintiff could "perform at the sedentary demand level," and was capable of "sitting for up to 10 minutes at a time prior to needing a standing rest break," "occasional standing and walking with rest breaks," and "reaching at shoulder level and below." *Id.* She added that Plaintiff "is capable of work with significant accommodation or positioning and frequent rest breaks." *Id.*

[5]     PA Rathnam opined that, as to Plaintiff's chronic peripheral nerve condition, his "bilateral lower extremity radiculopathy and upper left arm radiculopathy impacts some physical work that requires pushing, pulling, or lifting objects greater than 15 lbs and prolonged walking or standing. It does not prevent sedentary work. [Plaintiff] is able to perform sedentary work with accommodation and frequent breaks." R. 463.

and frequent rest breaks," for his back condition, R. 457, and "accommodation and frequent breaks," for his peripheral nerve condition, R. 463.

However, PA Rathnam did not connect these functional limitations with any specific findings from her medical examination of Plaintiff. And this examination, according to the ALJ's analysis, showed generally normal results. R. 25. The ALJ stated that:

> despite exhibiting modest reduction in back and bilateral shoulder range of motion, the claimant had generally normal findings, including no evidence of shoulder tenderness or pain with weight-bearing bilaterally, full bilateral shoulder strength with no muscle atrophy, negative Hawkins' impingement test bilaterally, full bilateral lower extremity strength without muscle atrophy, intact knee and ankle reflexes bilaterally, normal lower extremity sensory bilaterally, full bilateral elbow and wrist strength, full bilateral grip strength, intact bilateral upper extremity reflexes, normal bilateral lower extremity sensory, and normal gait.

*Id.* (citing R. 441–45, 448, 450–52, 459–61).

Ultimately, the ALJ found PA Rathnam's opinion "partially persuasive." R. 28. The ALJ credited PA Rathnam's opinion regarding "weight limitation and prolonged standing/walking," finding that it was "generally consistent with the claimant's diagnostic studies and generally normal physical examination findings of record." *Id.* (citing R. 335, 375, 387, 401–02, 447, 457, 472, 557–59). However, the ALJ stated that her "opinion regarding 'accommodation' and frequent breaks [was] somewhat vague, and inconsistent with the generally normal exam findings of record, which include[d] full upper and lower extremity strength and normal gait." *Id.*

The Magistrate Judge concluded that the ALJ appropriately considered the supportability factor in his consideration of PA Rathnam's opinion. First, the Magistrate Judge explained that "the ALJ explicitly cites several pages from the record as to the findings and diagnostic imaging he found partially supported, and partially detracted from, PA Rathnam's opinions, including pages from within her opinions." R&R at 29 (citing R. 28). Second, he highlighted that the ALJ separately analyzed the findings of PA Rathnam's medical examination. *Id.* at 30. And third, the

Magistrate Judge noted that the "normal [examination] findings, a characterization plaintiff does not dispute, arguably conflict with plaintiff's reported symptoms to PA Rathnam." *Id.* For example, although Plaintiff "exhibit[ed] modest reduction in back and bilateral shoulder range of motion," Plaintiff reported "persistent bilateral shoulder pain, back pain with walking, standing and going up and down stairs, mild bilateral lower extremity paresthesias, and poor sleep," which the ALJ said at multiple points he did not find fully supported by the record. R. 23–26 (citing R. 441–45, 448, 451–53).

The Court agrees with the Magistrate Judge and finds the ALJ adequately addressed the supportability factor when considering the persuasiveness of PA Rathnam's opinion. While the ALJ did not explicitly use the phrase "supportability," the Court finds that the ALJ provided sufficient analysis of this factor to allow "a reviewing court to trace the path of [his] reasoning." 82 Fed. Reg. 5,844, 5,858. As discussed, an opinion's "[s]upportability" is based on the "supporting explanations" and "objective medical evidence" presented by the medical source in support of his or her opinion. *See* 20 CFR §§ 404.1520c(c)(1). PA Rathnam did not provide any explanations in support of her opinion, and therefore the ALJ naturally did not discuss any such explanations. As for consideration of the "objective medical evidence," *id.*, the ALJ cited to specific pages in Plaintiff's physical examination records, noting that they were "generally normal." *See* R. 28 (citing R. 335, 375, 387, 401–02, 447, 457, 472, 557–59). The ALJ also conducted a review of PA Rathnam's examination findings, stating that "despite exhibiting modest reduction in back and bilateral shoulder range of motion, the [examination showed] claimant had generally normal findings." R. 25 (citing R. 441–45, 448, 450–52, 459–61). The ALJ then concluded that PA Rathnam's opinion regarding functional limitations was "inconsistent with the generally normal exam findings of record, which include[d] full upper and lower extremity

strength and normal gait." R. 28. The Court finds that this explanation is sufficient to allow a reviewing court to "trace the path" of the ALJ's reasoning and conduct a substantial evidence review. 82 Fed. Reg. at 5,858.

Plaintiff's objections to the Magistrate Judge and ALJ's analyses are unavailing. Plaintiff argues that the Magistrate Judge erred by considering the ALJ's analysis of PA Rathnam's examination findings because that analysis was addressed in the ALJ's decision three pages before the evaluation of PA Rathnam's medical opinion. Obj. at 2–3. However, the ALJ did not err by making the organizational choice to first review the medical evidence and then proceed to consider the opinion of each medical source. *See McCartney*, 28 F. App'x at 279 (noting an ALJ "need only review medical evidence once in his decision"). Nor did the ALJ violate any agency rules related to considering medical opinions in a single analysis. Obj. at 3 (citing 20 C.F.R. § 404.1520c(b)(1)). Plaintiff takes this reference out of context—under the rules, when a medical source provides multiple medical opinions, the ALJ need only "articulate how [he] considered the medical opinions . . . together in a single analysis," rather than opinion by opinion. 20 C.F.R. § 404.1520c(b)(1). This is exactly what the ALJ did here. Finally, contrary to Plaintiff's contention, the ALJ did not err by merely reciting "some medical evidence" and not engaging in any analysis. Obj. at 3. The ALJ considered PA Rathnam's suggested limitations as "somewhat vague," and viewed them as inconsistent with Plaintiff's normal examination findings, "which include[d] full upper and lower extremity strength and normal gait." R. 28. Given the lack of clarity by PA Rathnam in what she meant by "accommodation" and "frequent breaks," and her lack of explanation linking those limitations to any medical evidence, the Court finds the ALJ's analysis to be adequate.

After reviewing the record, the Court finds that the Magistrate Judge applied the proper standard, and substantial evidence supports the ALJ's conclusion that PA Rathnam's opinion was

partially persuasive. On the whole, the ALJ found that Plaintiff's medical evidence "d[id] not support the frequency, severity, or limiting effects of the claimant's alleged symptoms of impairment." R. 23. The ALJ pointed out that Plaintiff testified he obtained a master's degree in 2020 and finished his last graduate level classes in February 2020. R. 23, 44–45. The ALJ determined that Plaintiff had a residual functional capacity to perform sedentary work, with certain limitations. R. 22. In finding PA Rathnam's opinion as to Plaintiff's limitations only "partially persuasive," the ALJ relied on his "generally normal exam findings" and Plaintiff's "full upper and lower extremity strength and normal gait." R. 28. This is "more than a mere scintilla of evidence" to support the ALJ's conclusion. *Hancock*, 667 F.3d at 472 (citation omitted).

## IV.    CONCLUSION

The Court will overrule Plaintiff's objection to the R&R, grant the Commissioner's Motion for Summary Judgment, and deny Plaintiff's Motion for Summary Judgment. Accordingly, the Court will adopt the Magistrate Judge's R&R and affirm the Commissioner's final decision.

An appropriate order shall issue.

_____ /S/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: <u>March 22, 2023</u>